50683-64

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

# SUPERIOR COURT

X *Providence County*
Licht Judicial Complex
250 Benefit Street
Providence, Rhode Island 02903

___ *Kent County*
Kent County Judicial Complex
222 Quaker Lane
Warwick, Rhode Island 02886

___ *Newport County*
Murray Judicial Complex
45 Washington Square
Newport, Rhode Island 02840

___ *Washington County*
McGrath Judicial Complex
4800 Tower Hill Road
Wakefield, Rhode Island 02879

CIVIL ACTION, FILE No. PC 08-4297

Shannon Kelly
**Plaintiff**

Verizon Services Corp.
**Defendant**

## ***Summons***

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Carly Beauvais Iafrate, Esq. Plaintiff's attorney, whose address is 129 Dyer Street, Providence, RI 02903 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

CLERK

TRUE COPY ATTEST
THOMAS NOURY
CONSTABLE #6002
DATE

Dated: July 3, 2008

(Seal of the Superior Court)

S- 135 (REV. 02/07)

# State of Rhode Island and Providence Plantations

.......Providence.............,SC

## PROOF OF SERVICE

I hereby certify that on the ........................................ day of ................................................. I served a copy of this summons and a copy of the complaint received therewith upon ..................................................................................
..............................................................................................................................................................
in the following manner:

By delivering a copy of the summons and complaint to him/her personally.

By leaving a copy of the summons and complaint at his/her dwelling house,.................................................
..................................................................................., with a person of suitable age and discretion then residing therein. (Address)

By leaving a copy of the summons and complaint at his/her usual place of abode, ..........................................
..................................................................................., with a person of suitable age and discretion then residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely ..........................................................................................................

such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:
..............................................................................................................................................................
..............................................................................................................................................................
..............................................................................................................................................................

Sheriff's Fees

Travel ........................ $..........................

Service ....................... $..........................

$..........................

.................................................................
Deputy Sheriff

**CIVIL ACTION**

**FILE NO.** ........ PC 08-4297 ........

**SUMMONS**

**SUPERIOR COURT**

Shannon Kelly

vs

Verizon Svs. Corp.

ATTORNEY FOR PLAINTIFF

Carly B. Iafrate, #6343
129 Dyer Street
Providence, RI 02903
(401) 421-0065
(401) 421-0964 (fax)

Serve at:
CT Corp., 10 Weybosset St.

NOTE: Returnable to Plaintiff's Attorney forthwith after service. Proof of service to be filed within time during which the person served must respond.

| | |
|---|---|
| **STATE OF RHODE ISLAND**<br>**PROVIDENCE, SC.** | **SUPERIOR COURT** |
| **SHANNON KELLY,**<br>*Plaintiff,* | |
| vs. | **C.A. No. PC 08-** 4297 |
| **VERIZON SERVICES CORP.**<br>*Defendant.* | |

## COMPLAINT

1. This Complaint arises out of allegations of discrimination and retaliation based on medical leave and disability.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant the Rhode Island Fair Employment Practices Act, G.L. 1956 § 28-5-1 et seq., the Rhode Island Civil Rights Act, G.L. 1956 § 42-112-1 et seq., and the Rhode Island Parental and Family Medical Leave Act, G.L. 1956 § 28-48-1 et seq.

## PARTIES

3. Plaintiff, Shannon Kelly ("Plaintiff") is a female citizen of the United States and a resident of the State of Rhode Island.

4. Defendant Verizon Services Corp. ("Verizon") is Plaintiff's former employer, and is a corporation doing business in this State.

## ADMINISTRATIVE PROCEDURES

5. On or about June 7, 2007, charges of employment discrimination on behalf of Plaintiff, based upon disability and retaliation, were filed with the Commission for Human Rights for the State of Rhode Island (the "Commission").

6. On or about March 28, 2008, the Commission issued a "Notice of Right To Sue" to Plaintiff.

7. The complaint has been filed with ninety (90) days of the receipt of the Notice of Right

to Sue

## STATEMENT OF FACTS

8. Plaintiff was hired by Verizon in 1998. At the time of her termination, she had been employed for approximately eight years and held the position of central office technician.

9. In about April 2006, Plaintiff requested a medical leave due to anxiety and depression.

10. Defendant allowed Plaintiff to commence her medical leave on April 28, 2006.

11. Defendant did not indicate that there was any problem with Plaintiff taking a medical leave or exercising her rights under relevant medical leave laws.

12. For nearly two months, Plaintiff was on medical leave and treating for her serious medical condition.

13. In late June 2006, Defendant wrote to Plaintiff indicating that it had decided to deny her request for medical leave. Defendant gave no reason for denying the medical leave nearly two months after it had commenced.

14. Thereafter, Defendant terminated Plaintiff.

## COUNT I

**Rhode Island Parental and Family Medical Leave Act ("R.I. FMLA")**
**G.L. 1956 §§ 28-48-1 et seq.**
**(Proscriptive Rights)**

15. Plaintiff incorporates by reference Paragraphs 1 through 14 as if fully set forth herein.

16. By the aforesaid actions, Defendant violated the R.I. FMLA.

17. Plaintiff is damaged as a proximate result of the Defendant's intentional and willful conduct.

## COUNT II

**Rhode Island Parental and Family Medical Leave Act ("R.I. FMLA")**
**G.L. 1956 §§ 28-48-1 et seq.**
**(Prescriptive Rights)**

18. Plaintiff incorporates by reference Paragraphs 1 through 17 as if fully set forth herein.

19. By the aforesaid actions, Defendant violated the R.I. FMLA.

20. Plaintiff is damaged as a proximate result of the Defendant's intentional and willful conduct.

**COUNT III**

**Rhode Island Fair Employment Practices Act ("FEPA")**
**G.L. 1956 §§ 28-5-1 et seq.**
**(Disparate Treatment)**

21. Plaintiff incorporates by reference Paragraphs 1 through 20 as if fully set forth herein.

22. Plaintiff has an actual disability, record of disability or was perceived as being disabled by Defendant.

23. Without mitigating measures, Plaintiff's disability significantly impairs a major life activity.

24. At all relevant times, Plaintiff was able to perform the essential functions of her job with or without reasonable accommodation.

25. By the aforesaid actions, Defendant intentionally violated the FEPA.

26. Plaintiff is damaged as a proximate result of Defendant's intentional conduct.

**COUNT IV**

**Rhode Island Fair Employment Practices Act ("FEPA")**
**G.L. 1956 §§ 28-5-1 et seq.**
**(Failure to Accommodate)**

27. Plaintiff incorporates by reference Paragraphs 1 through 26 as if fully set forth herein.

28. By the aforesaid actions, Defendant intentionally violated the FEPA.

29. Plaintiff is damaged as a proximate result of Defendant's intentional conduct.

**COUNT V**

**Rhode Island Fair Employment Practices Act ("FEPA")**
**G.L. 1956 §§ 28-5-1 et seq.**
**(Retaliation)**

30. Plaintiff incorporates by reference Paragraphs 1 through 29 as if fully set forth herein.

31. By the aforesaid actions, Defendant intentionally violated the FEPA.

32. Plaintiff is damaged as a proximate result of Defendant's intentional conduct.

**COUNT VI**

**Rhode Island Civil Rights Act, ("RICRA")**
**G.L. 1956 §§ 42-112-1 et seq.**
**(Disparate Treatment)**

33. Plaintiff incorporates by reference Paragraphs 1 through 32 as if fully set forth herein.

34. By the aforesaid actions, Defendant intentionally violated the RICRA.

35. Plaintiff is damaged as a proximate result of the Defendant's intentional conduct.

**COUNT VII**

**Rhode Island Civil Rights Act, ("RICRA")**
**G.L. 1956 §§ 42-112-1 et seq.**
**(Failure to Accommodate)**

36. Plaintiff incorporates by reference Paragraphs 1 through 35 as if fully set forth herein.

37. By the aforesaid actions, Defendant intentionally violated the RICRA.

38. Plaintiff is damaged as a proximate result of the Defendant's intentional conduct.

**COUNT VIII**

**Rhode Island Civil Rights Act, ("RICRA")**
**G.L. 1956 §§ 42-112-1 et seq.**
**(Retaliation)**

39. Plaintiff incorporates by reference Paragraphs 1 through 38 as if fully set forth herein.

40. By the aforesaid actions, Defendant intentionally violated the RICRA.

41. Plaintiff is damaged as a proximate result of the Defendant's intentional conduct.

## COUNT IX

**Promissory Estoppel**

42. Plaintiff incorporates by reference Paragraphs 1 through 41 as if fully set forth herein.

43. Plaintiff was given permission to be out of work.

44. Defendant knew or should have known that Plaintiff relied on Defendant's representations regarding the permission to be out of work.

45. Plaintiff relied on Defendant's permission and/or representations to her detriment.

46. Plaintiff is damaged as a proximate result of the Defendant's conduct.

## PRAYER FOR RELIEF

Plaintiff prays that this Court:

(1) declare that the Defendant's actions complained of are unlawful;
(2) order the Defendant to make the Plaintiff whole;
(3) order that the Defendant pay Plaintiff compensatory damages;
(4) order that the Defendant pay Plaintiff punitive damages;
(5) order that the Defendant pay Plaintiff liquidated damages;
(6) retain the jurisdiction of this action to ensure full compliance;
(7) order the Defendant to pay Plaintiff costs and expenses and reasonable attorney's fees;
(8) grant such other relief to Plaintiff as the court deems just and proper.

Plaintiff's damages are in an amount sufficient to invoke the jurisdiction of this Court.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury.

Plaintiff,
By her attorney,

Carly Beauvais Iafrate, #6343

129 Dyer Street
Providence, RI 02903
(401) 421-0065
(401) 421-0964 (Fax)

Dated: June 23, 2008