UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHANNON KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 08-282-S |
| | ) | |
| VERIZON SERVICES CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Verizon Services Corp. ("Verizon") submits this Motion to Dismiss the Complaint of Plaintiff Shannon Kelly ("Plaintiff"). Plaintiff's Complaint does not contain factual allegations sufficient to support a claim for relief against Verizon. Rather, Plaintiff's exceedingly brief Complaint predominantly is a conclusory recitation of the legal elements of her putative claims, with no supporting factual averments. Therefore, the Complaint should be dismissed. In further support of this Motion, Verizon submits the accompanying Memorandum of Law. Pursuant to LR Cv 7(e), Verizon requests oral argument on this Motion, and anticipates that fifteen minutes would be needed for oral argument.

VERIZON SERVICES CORP.

By its Attorneys,

/s/ Raymond M. Ripple
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)
rripple@eapdlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 4, 2008.

/s/ Raymond M. Ripple
Raymond M. Ripple

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHANNON KELLY,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON SERVICES CORP.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 08-282-S |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT VERIZON SERVICES CORP.'S MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Verizon Services Corp. ("Verizon") submits this Memorandum of Law in support of its Motion to Dismiss the Complaint of Plaintiff Shannon Kelly ("Plaintiff"). Plaintiff has not stated any viable claim for relief against Verizon. Her exceedingly brief Complaint is predominantly a conclusory recitation of the legal elements of her putative claims, with no supporting factual averments. Her statutory claims (Counts I – VIII) fail because Plaintiff has not alleged sufficient facts to show that the statutes she is claiming under apply to her (that is, she has not alleged that she is "disabled" within the meaning of the Rhode Island Fair Employment Practices Act or the Rhode Island Civil Rights Act, nor has she alleged that she had a "serious illness" within the meaning of the Rhode Island Parental and Family Medical Leave statute). Moreover, her claims under the Rhode Island Civil Rights Act (Counts VI – VIII) are untimely and should be dismissed on this independent ground. Finally, her promissory estoppel claim (Count IX) fails because Plaintiff has not alleged any specific promise that Verizon made that she could have reasonably relied on, and in fact her own factual allegations establish the opposite. Therefore, the Complaint should be dismissed in its entirety.

## Factual Background

For the purposes of this Motion only, Verizon will treat Plaintiff's well-pleaded factual allegations as true. Plaintiff formerly worked for Verizon as a central office technician. See Complaint at ¶ 8. In approximately April 2006, Plaintiff sought a medical leave of absence because of alleged "anxiety and depression." Id. at ¶ 9. Verizon permitted Plaintiff to be absent from work for approximately two months. See id. at ¶ 12.

In late June 2006, Plaintiff received a letter from Verizon informing her that her request for FMLA leave had been denied, as had her request for benefits under Verizon's short-term disability plan. See id. at ¶ 13. Accordingly, Verizon instructed Plaintiff that, as of late June 2006, she was on an unauthorized leave of absence and was expected to return to work. See id. at ¶ 13; June 16, 2006 Letter from Verizon to Plaintiff, attached at Exhibit A. When Plaintiff did not return to work as requested, Verizon terminated her employment. See Complaint at ¶ 14.

## Argument

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), Plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). Rather, "[t]he factual allegations in a complaint must possess enough heft to set forth a plausible entitlement to relief." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (internal quotations omitted). While the well-pleaded factual allegations in the Complaint must be accepted as true for the purposes of this Motion to Dismiss, this Court is not required to "credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright

vituperation, or subjective characterization, optimistic predictions, or problematic suppositions."[1] Id. at 305 (quoting Wash. Legal Found. v. Mass. Bar Bound., 993 F.2d 962, 971 (1st Cir. 1993)) (internal quotations omitted). Dismissal of the complaint is appropriate where it does not set forth sufficient factual allegations "respecting each material element necessary to sustain recovery under some actionable legal theory." Id. at 305 (internal quotations omitted). As set forth below, Plaintiff's Complaint fails to meet this standard and, therefore, should be dismissed.

## I. PLAINTIFF HAS FAILED TO ALLEGE SUFFICIENT FACTS TO ESTABLISH A PLAUSIBLE RIGHT TO RELIEF ON HER STATUTORY CLAIMS (COUNTS I – VIII).

Although she purports to bring several statutory claims under the Rhode Island Parental and Family Medical Leave Act ("RIPFLMA"), the Rhode Island Fair Employment Practices Act ("FEPA") and the Rhode Island Civil Rights Act ("RICRA"), Plaintiff fails to allege sufficient facts to invoke the protections of any of those statutes.

### A. Plaintiff has not alleged that she is "disabled" within the meaning of FEPA or RICRA.

Although Plaintiff is not required to plead all of the formal elements of a *prima facie* case of discrimination to survive a motion to dismiss on her FEPA and RICRA claims, she must at least allege sufficient facts to "provide the grounds of [her] entitle[ment] to relief," which necessarily includes sufficient facts to show that she, in fact, is protected by the statutes she is claiming under. Ruiz Rivera v. Pfizer Pharmaceuticals LLC, 521 F.3d 76, 84 (1st Cir. 2008) (mere statement that a plaintiff has a "perceived disability" insufficient to state a claim under the ADA) (internal quotations omitted). The Rhode Island Supreme Court has recognized that

---

[1] The facts to be accepted for purposes of assessing a motion to dismiss "may be derived from the complaint, from documents annexed to or fairly incorporated in it, and from matters susceptible to judicial notice." Freedenfeld Assoc., Inc. v. McTigue, __ F.3d __, 2008 WL 2469190 at *3 (1st Cir. 2008).

"proving a disability for purposes of FEPA or RICRA is not a simple endeavor." DeCamp v. Dollar Tree Stores, Inc., 875 A.2d 13, 25 (R.I. 2005). Rather, similar to their federal counterpart, the Americans with Disabilities Act, FEPA and RICRA do not afford protection for all employees suffering from physical or mental impairments; it is only when those physical or mental impairments substantially limit a major life activity that the statutory threshold has been crossed. Id. at 25. Indeed, because FEPA is substantively similar to the ADA, federal case law under the ADA serves as a useful guidepost for applying FEPA. See id. at 25 (noting the similarity between the ADA and FEPA definitions of "disability," and applying federal case law to define the requirements of that definition); Newport Shipyard, Inc. v. Rhode Island Comm'n for Human Rights, 484 A.2d 893, 897-98 (R.I. 1984) (analogizing claims brought under FEPA to the parallel federal law).

At a minimum, therefore, to state a claim for disability discrimination against Verizon, Plaintiff must allege sufficient facts to show that she is "disabled" within the meaning of FEPA and RICRA – that is, to show that she had, or was regarded as having, an impairment that substantially limited one or more major life activities.[2] Plaintiff has not done so. Although she has identified her alleged impairments, anxiety and depression, these designated impairments are not *per se* disabilities under FEPA and RICRA. See DeCamp, 875 A.2d at 25 (plaintiff claiming to suffer with depression must identify at least one major life activity that is substantially limited

---

[2] This does not run afoul of the Supreme Court's holding in Swierkiewicz v. Sorena, 534 U.S. 506 (2002). In that case, the Supreme Court simply held that a plaintiff does not have to allege sufficient facts to establish each element of a *prima facie* claim under the McDonnell-Douglas burden-shifting paradigm to state a claim for discrimination. 534 U.S. at 508. As the Twombly Court noted, the Swierkiewicz decision simply held that discrimination claims are not subjected to a heightened pleading standard, but rather are subject to the general notice pleading standards of Fed. R. Civ. P. 8. Twombly, __ U.S. __, 127 S.Ct. at 1973. Even these general notice pleading standards, however, require a plaintiff to allege sufficient facts to demonstrate that she falls within the protection of the statute she is claiming under. Id. at 1971-72 (dismissing claim brought under the Sherman Act where plaintiffs failed to plead facts sufficient to satisfy the statutory requisites).

by her condition to be considered "disabled" under state law); *cf.* Pouliot v. Town of Fairfield, 184 F. Supp. 2d 38, 51 (D. Me. 2002) (depression is only a "disability" under the ADA where it substantially limits at least one major life activity); Fotos v. Internet Commerce Express, Inc., 154 F. Supp. 2d 212, 215 (D.N.H. 2001) ("[d]epression can constitute a disability under the ADA . . . but only if it substantially impairs a major life activity"). Rather, Plaintiff must make a plausible showing that these impairments substantially limit one or more major life activities to fall within the protections of FEPA and RICRA.

Both before and after Twombly, federal courts have dismissed claims asserted under the ADA where the plaintiff failed to allege sufficient facts to show that an impairment substantially limited an identified major life activity. See Sutton v. United Air Lines, Inc., 527 U.S. 471, 481, 492-93 (1999) (complaint dismissed pursuant to Fed. R. Civ. P. 12(b)(6) where plaintiffs did not have sufficient factual allegations to establish an actual impairment that substantially limited at least one major life activity or were regarded as having such an impairment); Ruiz Rivera v. Pfizer Pharmaceuticals, LLC, 521 F.3d 76, 84 (1st Cir. 2008) ("to allege an actionable regarded as claim, a plaintiff must select and identify the major life activity that she will attempt to prove the employer regarded as being substantially limited by her impairment"); Morales Pabon v. Morovis Community Health Center, 310 F. Supp. 2d 411, 416 (D.P.R. 2004) (dismissing complaint pursuant to Fed. R. Civ. P. 12(b)(6) where "Plaintiff has not specified in any way whatsoever which of his major life activities has been substantially limited or affected for an extended period of time"); Lopez Hernandez v. Municipality of San Juan, 206 F. Supp. 2d 243, 250 (D.P.R. 2002) (dismissing ADA claim pursuant to Fed. R. Civ. P. 12(b)(6) where plaintiff "fail[ed] to identify a pivotal life activity and whether that life activity is considered a major life activity under the ADA"); Pouliot, 184 F. Supp. 2d at 51 (holding that a plaintiff "inadequately

alleged that he is disabled within the meaning of the ADA" where the plaintiff did not "point[] to any major life activity that any of [the alleged impairments] substantially limits"); Fotos, 154 F. Supp. 2d at 215-16 (citing Sutton and granting defendant's motion for judgment on the pleadings where plaintiff did not allege specific facts to show that an impairment substantially limited a major life activity).

Plaintiff has neither identified any major life activities that her alleged anxiety and depression supposedly affected, nor identified any substantial limitation of any such major life activities. Rather, in the separate Counts of her Complaint, Plaintiff merely has provided a rote description of the legal elements for her asserted claims under FEPA and RICRA. See, e.g., Complaint at ¶¶ 22-25, 34. Put another way, Plaintiff has offered nothing more than the "labels and conclusions" that the Twombly Court rejected as a pleading standard. See Twombly, __ U.S. __, 527 S.Ct. at 1965. Accordingly, the Court should dismiss Plaintiff's disability discrimination claims under FEPA and RICRA.

B. Plaintiff has not alleged that she suffered from a "serious illness" as defined under RIPFMLA.

Just as FEPA and RICRA do not afford protection for all impairments, the RIPFMLA does not provide a leave of absence for any and all medical conditions. Instead, the RIPFMLA provides that only those conditions that amount to a "serious illness" can qualify for leave under the statute. See R.I. Gen. Laws, §§ 28-48-1(7), 28-48-2. Regulations issued under the RIPFMLA define the term "serious illness," in relevant part, as "a disabling physical or mental illness, injury, impairment or condition that involves . . . outpatient care requiring continuous treatment or supervision by a health care provider." Administrative Regulations for the Rhode Island Parental and Family Medical Leave Act, at 1(d). Plaintiff's Complaint does not contain factual allegations sufficient to satisfy these minimum statutory conditions. She alleges only that

she requested a leave of absence due to her anxiety and depression, and that she was "treating" for her alleged conditions during her absence. Complaint at ¶¶ 9, 12. Plaintiff fails to provide any factual allegations to support that her condition was "disabling," or that she received "continuous" treatment, both as required by RIPFMLA. See Administrative Regulations for the Rhode Island Parental and Family Medical Leave Act, at 1(d). Instead, as with her claims under FEPA and RICRA, Plaintiff merely has repeated the legal elements of her asserted RIPFMLA claims, falling far short of the required factual pleading. See Twombly, __ U.S. __, 527 S.Ct. at 1965; *cf.* Murphy v. Cadillac Rubber & Plastics, Inc., 946 F. Supp. 1108, 1122 (W.D.N.Y. 1996) (dismissing FMLA claim pursuant to Fed. R. Civ. P. 12(b)(6) where plaintiff failed to allege that child's illness which caused plaintiff's absence from work was a "serious health condition" within the meaning of the FMLA). Accordingly, her RIPFMLA claims should be dismissed.

## II. PLAINTIFF'S RICRA CLAIMS (COUNTS VI – VIII) ARE UNTIMELY.

Even if Plaintiff had alleged sufficient facts to support her employment discrimination claims under RICRA, which she has not, her RICRA claims must be dismissed because they are untimely. Claims under RICRA are subject to a one-year statute of limitations. See Horn v. Southern Union Co., 927 A.2d 292, 295 (R.I. 2007). In Horn, the Rhode Island Supreme Court incorporated this one-year statute of limitations into RICRA from FEPA, even though the FEPA statute of limitations applies only to filing an administrative charge with the Rhode Island Commission for Human Rights, and RICRA has no such administrative filing requirement. See id. at 295 n. 10. The Court noted that FEPA's one-year statute of limitations is not a product of the administrative exhaustion requirement, but rather is a product of the legislature's judgment that "inquiry into perceived employment discrimination should be conducted before the evidentiary trail grows cold," and therefore applied equally to RICRA claims. Id. at 295 n. 10.

Accordingly, Plaintiff cannot recover under RICRA unless she filed her Complaint within one year of the acts she now complains of.

By the express terms of the Complaint, Plaintiff purports to challenge an alleged denial of a medical leave of absence and her subsequent termination, both of which occurred in 2006. Complaint at ¶¶ 9, 13, 14. However, she did not file her Complaint until June 23, 2008, two years after the events in question occurred. Accordingly, Plaintiff's claims under RICRA are time-barred and should be dismissed.

## III. PLAINTIFF'S ALLEGATIONS FAIL TO STATE A CLAIM FOR PROMISSORY ESTOPPEL (COUNT IX).

Plaintiff has not alleged sufficient facts to state a claim for promissory estoppel. "An essential part of the promissory-estoppel doctrine is the necessity that a promise be made for the purpose of inducing the promissee . . . to forbear. . . . The terms of the promise must be certain, for there can be no promissory estoppel without a real promise." B.M.L. Corp. v. Greater Providence Deposit Corp., 495 A.2d 675, 677 (1985). In her Complaint, Plaintiff alleges no specific promise ever purportedly made by Verizon. Instead, she merely alleges that, when she announced her intention to take a medical leave, Verizon "did not indicate that there was any problem" with her taking a leave. Complaint at ¶ 11. This alleged inaction by Verizon falls far short of the clear and unambiguous promise required to support a promissory estoppel claim. B.M.L. Corp., 495 A.2d at 677; see Norton v. McOsker, 407 F.3d 501, 507-08 (1st Cir. 2005) (applying Rhode Island law and holding that, as a matter of law, a promise to "support" another person was insufficient to support a promissory estoppel claim).

Moreover, as Plaintiff alleges, she received a letter from Verizon in June 2006 (after having been out for approximately two months) informing her that her requests for leave had

been denied. Id. at ¶ 13. In fact, as the letter clearly states,[3] Plaintiff's medical leave was denied on a going-forward basis, and she was expected to return to work for her next regularly-scheduled shift. See June 16, 2006 Letter to Plaintiff, at Exh. A. Notwithstanding anything that happened (or, more accurately, did not happen) previously, upon receiving this letter Plaintiff could have no reasonable basis to believe that she could continue to remain out of work on a leave of absence. "[W]hen there is written, actual notice contradicting the oral promise, such notice deems any reliance on that oral promise unreasonable" as a matter of law. Filippi v. Filippi, 818 A.2d 608, 627 (R.I. 2003) (citing Galloway v. Roger Williams University, 777 A.2d 148, 150 (R.I. 2001) (per curiam)); see Norton, 407 F.3d at 508 (unreasonable reliance on an alleged promise precludes a promissory estoppel claim as a matter of law). Accordingly, because Plaintiff alleges that Verizon terminated her employment only after providing her with the June 16, 2006 letter, Complaint at ¶ 14, her claim for promissory estoppel fails.

## Conclusion

For the reasons set forth above, Plaintiff's Complaint should be dismissed in its entirety.

VERIZON SERVICES CORP.

By its Attorneys,

/s/ Raymond M. Ripple

Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)
rripple@eapdlaw.com

[3] Because Plaintiff expressly referenced the June 16, 2006 letter in her Complaint, this Court may consider the letter in connection with this Motion to Dismiss. See, e.g., Freedenfeld Assoc., Inc. v. McTigue, __ F.3d __, 2008 WL 2469190, at *3 (1st Cir. 2008).

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 4, 2008.

/s/ Raymond M. Ripple
Raymond M. Ripple