**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **SHANNON KELLY,**<br>***Plaintiff,***<br><br>**vs.**<br><br>**VERIZON SERVICES CORP.,**<br>***Defendant.*** | **C.A. No. 08-282S** |

## OBJECTION TO MOTION TO DISMISS

Now comes the Plaintiff, Shannon Kelly ("Plaintiff"), and hereby objects to the motion to dismiss the complaint filed by Defendant, Verizon Services Corp. In support thereof, Plaintiff submits the accompanying memorandum of law.

Wherefore, Plaintiff prays that Defendant's motion be denied.

Plaintiff,
By her attorney,

/s/ Carly Beauvais Iafrate

Carly Beauvais Iafrate, #6343
129 Dyer Street
Providence, RI 02903
(401) 421-0065
(401) 421-0964

## CERTIFICATION

I hereby certify that this document has been filed electronically on this 21st day of August 2008 and is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

Raymond M. Ripple, Esq.
rripple@eapdlaw.com

/s/ Carly Beauvais Iafrate, Esq.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **SHANNON KELLY,**<br>*Plaintiff,*<br><br>**vs.**<br><br>**VERIZON SERVICES CORP.,**<br>*Defendant.* | **C.A. No. 08-282S** |

**MEMORANDUM IN SUPPORT OF OBJECTION TO MOTION TO DISMISS**

*I. Introduction.*

The employer in this case has filed the instant motion to dismiss alleging, essentially, that in its opinion, there are not enough facts contained in the complaint.[1] Even though Supreme Court and First Circuit precedent make clear that there is no longer a heightened standard for pleading in employment discrimination cases, this is exactly the hurdle the employer seeks to impose here. As this Court is well-aware, employment discrimination claims are particularly fact intensive. If one were required, or even opted, to include every fact supporting each element of each claim within the four corners of the complaint, Rule 8 of the Federal Rules of Civil Procedure would essentially be eviscerated and no plaintiff could pass muster at this initial stage. This motion must be

1 Significantly, Defendant did not move to dismiss the retaliation claims contained in the complaint. With respect to the Rhode Island Civil Rights Act ("RICRA") claims, these claims, when filed, were timely. At the time, the statute of limitations was amended to three years and passed by the General Assembly. See Senate Bill No. 2143B. However, the Governor thereafter vetoed the bill and the Legislature has failed to override the Governor's veto. Accordingly, Plaintiff has agreed to voluntarily dismiss the RICRA claims. In addition, Plaintiff intends to file a motion to amend the complaint to eliminate the "actual disability" prong of the FEPA claim, among other things.

denied, <u>in toto</u>, because the employer simply seeks to impose a burden not required by federal rules or applicable case law, in an attempt to avoid liability and deprive the plaintiff of a full and fair opportunity to engage in the discovery process on her meritorious complaint.

*II. Brief Facts and Travel.*

Plaintiff Shannon Kelly ("Kelly") was employed by Defendant, Verizon Services Corp. ("Defendant") as a central office technician for approximately eight years when, in April 2006, she went to her supervisor and requested a medical leave due to her depression and anxiety. Complaint ¶ 8, 9. Despite the fact that the leave was approved, Verizon later fired Kelly while she was on the medical leave. Complaint ¶ 10, 12, 13, 14. Kelly believes that her depression and anxiety qualifies as a "serious illness" as required by the Rhode Island Parental and Family Medical Leave Act ("RIPFMLA"), G.L. 1956 § 28-48-1 <u>et seq</u>. Complaint ¶ 11, 12, 16, 19. In addition, Kelly contends that her anxiety and depression support a record of disability and that, in the alternative, Verizon perceived her as being disabled when it dismissed her. Complaint ¶ 22-25.

Defendant has responded by filing a motion to dismiss under Rule 12(b)(6).

*III. Standard of Review.*

On a Rule 12(b)(6) motion, the Court "must assume that the allegations contained in the complaint are true, and examine the facts in the light most favorable to the nonmoving party." <u>State v. Lead Industries Ass'n</u>, 951 A.2d 428, 442-443 (R.I. 2008). The Court "examine[s] the complaint to determine if plaintiff[] [is] entitled to relief under any conceivable set of facts." <u>Id.</u> The function of the Court "is not to weigh potential evidence that the parties might present at trial, but to assess whether [Plaintiff's] complaint alone is legally sufficient to state a claim for which relief may be granted."

Jackson v. Iasis Healthcare Corp., 92 Fed. Appx. 763, 765 (10th Cir. 2004) (quoting Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist., 353 F.3d 832, 837 (10th Cir. 2003)).

Furthermore, in discrimination cases, a plaintiff need not plead the prima facie case to survive a Rule 12(b)(6) motion. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). "As the Court noted in Swierkiewicz, the prima facie case under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 36 L.Ed. 2d 668, 93 S. Ct. 1817 (1973), which we apply to ADA claims, 'is an evidentiary standard, not a pleading requirement.' Swierkiewicz, 534 U.S. at 510. Indeed a plaintiff need 'satisfy only the simple requirements of Rule 8(a)' to escape a 12(b)(6) motion." Jackson, 92 Fed. Appx. at 765.

Accordingly,

> "[a] claim need only show the *faintest likelihood of validity to survive a Rule 12(b)(6) motion*. 'We must accept the allegations of the complaint as true, and if, under any theory, the allegations are sufficient to state a cause of action in accordance with the law, we must deny the motion to dismiss.' Vartanian v. Monsato, 14 F.3d 697, 700 (1st Cir. 1994). 'The question before the Court, therefore, is whether the Complaint, *viewed in the light most favorable to [Kelly] and with all doubts resolved in her favor, states any valid claim for relief*.' Hart v. Mazur, 903 F. Supp. at 279; 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (1990)." Iacampo v. Hasbro, Inc., 929 F. Supp. 562, 570-571 (D.R.I. 1996) (emphasis added).

"Accordingly, in evaluating the sufficiency of a complaint, the court's role 'is necessarily a limited one,' confined to evaluating 'not whether a plaintiff will ultimately prevail,' but 'whether the claimant is entitled to offer evidence to support the claims."

Castillo v. Norton, 219 F.R.D. 155, 159 (D. Ariz. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 40 L.Ed. 2d 90, 94 S.Ct. 1683 (1974)).

*IV. Argument.*

*A. FEPA Claim*

Even though the United States Supreme Court has already ruled that in discrimination cases, plaintiffs need not plead a prima facie case in his or her complaint, the Defendant argues that Kelly is required to not only plead the elements of the prima facie case, but aver additional facts in support thereof. This argument must be rejected as it is totally inconsistent with Swierkiewicz and Rule 8. Before discussing the merits of Defendant's argument, a brief look at Rule 8 and the Swierkiewicz decision is necessary.

*Rule 8*

"One of the 'basic philosophies of the federal rules' is 'simplicity of procedure.'" Castillo, 219 F.R.D. at 159 (quoting 5 Wright & Miller, Federal Practice & Procedure § 1182, at 12 (2d ed. 1990)). "Earlier federal pleading regimes imposed a variety of technical requirements on complaints and placed great weight on the factual content of the plaintiff's allegations. * * * Under code pleading 'the complaint not only gave notice of the nature of plaintiff's case but also was required to state the facts constituting the cause of action.' * * * 'Failure to incorporate an essential allegation [could] lead to a speedy end to the litigation by way of demurrer or motion to dismiss.'" Id. (internal citations omitted). By stark contrast, "the modern federal rules" "are not an end in themselves." Id. (citing 5 Federal Practice & Procedure § 1202, at 68-69). "Rather, Rule 8 is "designed to discourage battles over mere form of statement and to sweep away the needless controversies which the [predecessor] codes permitted' so that parties can proceed directly and more efficiently to resolving cases on their merits." Id. (citing Id. §

1201). "The modern rules thus dramatically ease the pressure on plaintiffs to include particularized factual allegations in their complaints." Id. "This simplicity works because the framers of the Federal Rules advocated a procedural order privileging discovery and trial on the merits over pleading practice." Id. at 160.

Accordingly, pursuant to Rule 8(a), "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction * * *; (2) a *short and plain* statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought * * *." Fed. R. Civ. P. 8(a) (emphasis added).[2] Rule 8 has been extensively defined and interpreted in hundreds of cases. The United States Supreme Court has determined that Rule 8 "*do[es] not require a claimant to set out in detail the facts upon which he bases him claim.* To the contrary, all the Rule requires is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 2 L.Ed. 2d 80, 78 S.Ct. 99 (1957).

*The Swierkiewicz Decision*

Six years ago the United States Supreme Court rejected the then-existing heightened pleading requirement for discrimination cases in Swierkiewicz v. Sorema N.A., 53 U.S. 506, 152 L.Ed.2d 1, 122 S.Ct. 992 (2002).

Shortly thereafter, the First Circuit made abundantly clear that it adopted Swierkiewicz and abandoned all previous circuit precedent imposing a heightened standard for pleading in all civil rights cases, including employment discrimination cases.

2 The Defendant does not challenge the complaint on the basis of jurisdiction or the adequacy of the demand for relief.

Ecadores Puertorriquenos en Accion, et al. v. Hernandez, 367 F.3d 61. 66 (1st Cir. 2004). In the words of Judge Selya:

> "The handwriting is on the wall. Swierkiewicz has sounded the death knell for the imposition of a heightened pleading standard except in cases in which either a federal statute or specific Civil Rule requires that result. In all other cases, courts faced with the task of adjudicating motions to dismiss under rule 12(b)(6) must apply the notice pleading requirements of Rule 8(a)(2). Under that rule, a complaint need only include 'a short and plain statement of the claim showing that the pleader is entitled to relief. *This statement must 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'* * * * State of mind, including motive and intent, may be averred generally. * * * In civil rights actions, as in the mine-run of other cases for which no statute or Federal Rule of Civil Procedure provides for different treatment, a *court confronted with a Rule 12(b)(6) motion 'may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations*." Id. at 66 (internal citations omitted, emphasis added).

Consistent with these principles, several courts have denied motions similar to that which has been filed by Defendant. See, e.g., EEOC v. JH Routh Packing Co., 246 F.3d 850, 854 (6th Cir. 2001) ("We hold that so long as the complaint notifies the defendant of the claimed impairment, the substantially limited major life activity need not be specifically identified in the pleading."); Homeyer v. Stanley Tulchin Associates, Inc., 91 F.3d 959, 962-963 (7th Cir. 1996) (finding that district court erred in granting defendant's motion to dismiss; plaintiff did not need to plead, to support her assertions regarding major life activity, that she was substantially limited in employment generally); Dunlap v. Association of Bay Area Governments, 996 F. Supp. 962, 965 (N.D. Cal. 1998) (denying defendant's motion to dismiss that alleged plaintiff failed to allege that defendant's actions were based on plaintiff's disability, plaintiff did not identify major

life activity, but merely alleged that he had physical impairment that substantially limited a major life activity); Andriacchi v. City of Chicago, 1996 U.S. Dist. Lexis 17647, at *2-3, *8-9 (N.D. Ill. 1996) (denying defendant's motion to dismiss plaintiff's ADA claim where plaintiff had alleged "that he was a qualified individual with a disability under the Act, and that the City's termination of his employment was in violation of the Act"). None of these cases held that a plaintiff was required to identify the major life activity at issue at the pleading stage, or recite the words that it was a "substantial impairment." Significantly, in Moore the Court held that "[t]he minimal allegations of [the plaintiff's] complaint suffice to survive [defendant's] motion to dismiss despite her failure to plead explicitly that the alleged disability substantially limits one or more major life activities. * * * [Plaintiff] 'was not required to plead facts or evidence to support her allegations; she was not even required to include a theory of her case. Her complaint was clear enough to inform [the defendant] of her claim.'" Id. at *5 (internal citations omitted).

Against this background, Defendant's motion must fail. Kelly's complaint satisfies the purpose of Rule 8 - - to provide Defendant with sufficient information about her complaint. Here, Verizon is well aware of the nature of the suit – having already defended the matter in the Rhode Island Commission for Human Rights. Even if that were not the case, the complaint at issue passes muster. Kelly has alleged that she is disabled and that the nature of her disability is anxiety and depression. She has alleged that that mental impairment substantially limits one or more major life activities. Finally, she has alleged that Verizon illegally considered her disability in her termination. These facts are sufficient to give notice and proceed with discovery.

Even if the Court finds a close call exists, the question must be resolved in Plaintiff's favor. See, e.g., Iacampo, 929 F. Supp. at 579-580 (noting that the complaint

"baldly" asserts that the employer agreed not to discriminate against people on the basis of disability in its contracts with the federal government, the statement was insufficient to allow the Court to determine the validity of certain claims, and "[c]aught between rule an exception, the devil and the sea, the Court must err on the side of [the Plaintiff]").

None of the cases cited by Defendant require a different result.[3] The only United States Supreme Court precedent cited by Verizon is the Twombly case which is not an ADA or disability-discrimination case and contains nothing about any requirement to identify in a complaint a major life activity or specific information regarding the substantial limitation. Twombly involved a complaint under the Sherman Act, and the Court granted certiorari "to address the proper standard for pleading an antitrust conspiracy through allegations of parallel conduct." 127 S.Ct. at 1963. If anything,

---

3 Similarly, other cases cited by Defendant are inapposite because the discrimination claims therein were dismissed on summary judgment, not on a 12(b)(6). Ruiz Rivera v. Pfizer Pharmaceuticals, 521 F.3d 76, 78 (1st Cir. 2008); DeCamp v. Dollar Tree Stores, Inc., 875 A.2d 13 (R.I. 2005). Furthermore, other cases cited by Defendant were decided pre- Swierkiewicz or applied the "old" standard requiring the elements of a prima facie case to be established, which we know has been rejected. See, e.g., Pouliot v. Town of Fairfield, 184 F. Supp.2d 38 (D.Me. 2002) (decided days after Swierkiewicz); Fotos v. Internet Commerce Express, Inc., 154 F. Supp.2d 212, 216 n.3 (D.N.H. 2001) (applying heightened standard of pleading for ADA claims); Lopez Hernandez v. The Municipality of San Juan, 206 F. Supp. 2d 243 (D.P.R. 2002) (granting motion to dismiss, but measuring complaint against the prima facie case for ADA claims which is prohibited by Ecadores Puertorriquenos en Accion). In addition, none of the ADA cases cited by Defendant recognize the differences of the standard by which this complaint must be measured under the Fair Employment Practices Act ("FEPA"). It is well-established that this state has made disability-discrimination claims less burdensome because the impairment must be considered without mitigating measures. G.L. 1956 § 28-5-6(4). This means that the difficulty faced by many plaintiffs on the federal level is not applicable here. Cf. Sutton v. United Air Lines, Inc., 527 U.S. 471 (1999) (dismissing complaint but doing so because plaintiffs could not establish disability because mitigating measures such as eyeglasses and contact lenses must be considered in evaluating the disability); Morales-Pabon v. Morovis Company, 310 F. Supp. 2d 411, (D.P.R. 2004) (dismissing complaint but did not have opportunity to consider effect of the "no mitigating measures" standard and also plaintiff did not appear to allege a perceived disability or a record of a disability).

Twombly supports Kelly's objection here by noting that the Court in Swierkiewicz got it right because even though the plaintiff's pleadings "provided relevant dates, and included the ages and nationalities of at least some of the relevant people involved with his termination, the Court of Appeals dismissed his complaint for failing to allege certain additional facts that Swierciwicz would need at the trial stage to support his claim in the absence of direct evidence of discrimination." Id. at 1973 (citing Swierkiewicz, 534 U.S. at 514). Twombly did not overrule that case.

Furthermore, if Defendant had a problem then it should have filed a Rule 12(e) motion for more definite statement. The fact that the Defendant did not file such a motion is an admission that the Complaint, as currently framed, is sufficient. As this Court has previously noted "[a] motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e) challenges a pleading that is 'so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading[.]' Rule 12(e) is rarely invoked; when faced with an opaque, overly general pleading, a court is more likely to defer ruling on a motion to dismiss while granting leave to amend,[4] or to enter an interlocutory order dismissing the complaint but with leave to amend within a set period of time." Id. at 571 (citing Cash Energy, Inc. v. Weiner, 768 F. Supp. 892, 897 (D. Mass. 1991)).

*B. R.I. Parental & Family Medical Leave Act Claim.*

For similar reasons, the Defendant's motion must also be rejected as it relates to the RIPFMLA claim. Defendant is correct that one of the ways to prove such a claim, is to establish that, during the relevant period, he or she suffered a serious health condition.

4 "Dismissal without leave to amend is appropriate only where a court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment." Dunlap v. Association of Bay Area Governments, 996 F. Supp. 962, 963 (N.D. Cal. 1998) (citing Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir. 1996)).

Defendant argues to this Court that Kelly's complaint is deficient because she failed to plead "any factual allegations to support that her condition was 'disabling,' or that she received 'continuous' treatment * * *." Defendant's Memorandum, p. 7. Again, these are not requirements of Rule 8, nor of any case law on point. Kelly's complaint easily satisfies Rule 8 in that it gives Defendant ample notice of the claim. She alleges that she suffered from depression and anxiety which caused her to take a medical leave.

The Murphy case cited by Defendant's does not provide support for its contentions. Murphy v. Cadillac Rubber & Plastics, Inc., 946 F. Supp. 1108 (W.D.N.Y. 1996). Even though Murphy was decided pre-Swierciwicz, the Court still rejected the employer's argument that the plaintiff could not state a claim because she failed to allege facts demonstrating how she was unable to perform the functions of her position. Id. at 1121-1122. Instead, the Court held that it was sufficient that she was covered under the statute, that she requested leave for a serious health condition and that the leave was denied. Id. at 1121. A second FMLA claim filed by plaintiff's husband in Murphy was dismissed only because it was based on a one-day absence taken by Mr. Murphy to care for his son, but the complaint completely lacked any information about the child's illness. The problem was not that Murphy failed to use the buzz words "serious health condition," but rather, there was no allegation of a serious health condition, nor any description of the illness such that it was possible for the plaintiff to make that claim. Id. at 1122.

*C. Promissory Estoppel.*

Again, the Defendant is being overly technical. It is undisputed that Verizon initially gave her a medical leave – that medical leave was approved because they allowed her to go on medical leave. The promise is the medical leave itself which was

granted. She relied upon that leave to her detriment because prior to the expiration of the leave, Verizon fired her. If Verizon had not granted the medical leave, Plaintiff would not be in this position. Plaintiff's position is that these facts alone, are sufficient to plead a claim for promissory estoppel.

*V. Conclusion.*

Rule 8 and relevant case law does not require the heightened pleading requested by Defendant. Accordingly, Plaintiff respectfully requests that Defendant's motion be denied.

Plaintiff,
By her attorney,

/s/ Carly Beauvais Iafrate

Carly Beauvais Iafrate, #6343
129 Dyer Street
Providence, RI 02903
(401) 421-0065
(401) 421-0964

**CERTIFICATION**

I hereby certify that this document has been filed electronically on this 21st day of August 2008 and is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

Raymond M. Ripple, Esq.
rripple@eapdlaw.com

/s/ Carly Beauvais Iafrate, Esq.