UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SHANNON KELLY,
    Plaintiff

v.                                                                 C.A. No. 08-282-ML

VERIZON SERVICES CORP.,
    Defendant

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Verizon Services Corporation's motion to dismiss this suit pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the motion to dismiss is GRANTED in part and DENIED in part.

## **I. Background**

Plaintiff Shannon Kelly ("Kelly" or "Plaintiff") is a resident of Rhode Island, and Defendant Verizon Services Corp. ("Verizon" or "Defendant") is a corporation doing business in Rhode Island. Kelly was formerly employed by Verizon as a central office technician. In April of 2006, Kelly sought a medical leave due to anxiety and depression. According to Kelly's complaint, Verizon allowed her to commence medical leave on April 28, 2006. In June of 2006, Verizon informed Kelly that her request for medical leave had been denied. When Kelly did not return to work, her employment was terminated by the Defendant.

Kelly was issued a Notice of Right to Sue by the Commission for Human Rights for the State of Rhode Island on March 28, 2008, and, on June 23, 2008, Kelly filed a complaint in the

1

Rhode Island Superior Court. The case was removed to the Federal District Court for the District of Rhode Island on July 28, 2008.

The Plaintiff's nine-count complaint seeks relief for violations of the Rhode Island Parental and Family Medical Leave Act ("RIFMLA"), the Rhode Island Fair Employment Practices Act ("FEPA"), and the Rhode Island Civil Rights Act ("RICRA"), as well as one claim based on promissory estoppel. Verizon contends that each of these claims should be dismissed for failure to state a claim for relief. Verizon argues that Kelly has not alleged specific facts to support her claim that she is "disabled" or that she has a "serious illness." Furthermore, Verizon argues that Kelly's promissory estoppel claim must be dismissed because she failed to allege that any specific promise was made.

## II. Standard of Review

When reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the well-pleaded facts must be accepted as true and all reasonable inferences must be drawn in favor of the plaintiff. Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993). The Court exempts those "facts" which have "since been conclusively contradicted by plaintiff['s] concessions or otherwise, and likewise eschew[s] any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets." Chongris v. Bd. of Appeals of the Town of Andover, 811 F.2d 36, 37 (1st Cir. 1987) (internal quotation marks and citation omitted).

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate "if the pleadings fail to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Centro Medico del Turabo, Inc. v.

Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005) (internal quotation marks and citation omitted). A court may dismiss a complaint for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Ecuadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

In employment discrimination cases such as the one at hand, the Supreme Court has held that no heightened pleading standard applies. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-13 (2002). Because the prima facie case "operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases." Id. Swierkiewicz's analysis was fully adopted by the First Circuit in Ecuadores Puertorriqueños en Acción v. Hernández, where the Court stated that Swierkiewicz had "sounded the death knell for the imposition of a heightened pleading standard except in cases in which either a federal statute or specific Civil Rule requires that result." Ecuadores Puertorriqueños en Acción, 367 F.3d at 66. While acknowledging that Swierkiewicz eliminated a heightened pleading requirement, the First Circuit reiterated the pleading requirements under the Federal Rules of Civil Procedure: a complaint "should at least set forth minimal facts as to who did what to whom, when, where, and why . . . [T]he requirements of [Fed. R. Civ. P. 8(a)(2)] are minimal - but 'minimal requirements are not tantamount to nonexistent requirements.'" Id. at 68 (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).

### III. Analysis

*A. RIFMLA Claims (Counts I and II)*

3

The Plaintiff's first two claims are brought under the Rhode Island Parental and Family Medical Leave Act. Protection under the RIFMLA includes, in relevant part, an employee's right to a leave of absence due to a serious illness suffered by the employee or his or her family member. R.I. Gen. Laws §§ 28-48-1 *et seq.*; see Tardie v. Rehab. Hosp. of R.I., 6 F. Supp. 2d 125, 134 (D.R.I. 1998). The term "serious illness" is statutorily defined as "a disabling physical or mental illness, injury, impairment, or condition that involves inpatient care in a hospital, a nursing home, or a hospice, or outpatient care requiring continuing treatment or supervision by a health care provider." R.I. Gen. Laws § 28-48-1(7).

As discussed above, Kelly alleges that she had a serious medical condition in the form of anxiety and depression. She further alleges that she was seeking treatment for her condition during her absence from her employ. Kelly contends that the termination of her employment was a violation both of her proscriptive rights under the RIFMLA, which grants substantive rights including thirteen weeks of leave, and of her prescriptive rights, which preclude employer conduct that would interfere with, or retaliate for the exercise of, her RIFMLA rights. R.I. Gen. Laws §§ 28-48-1 *et seq.*

Taking the allegations in the complaint as true, the Plaintiff has arguably pleaded a violation of RIFMLA that could succeed on its merits. This Court finds that Kelly's complaint, although very bare-bones, sets forth sufficient factual allegations to make out a claim under the RIFMLA. Accordingly, the Defendant's motion to dismiss as it pertains to Counts I and II is denied.

*B. FEPA Claims (Counts III, IV, and V)*

Kelly's next three claims arise under the Rhode Island Fair Employment Practices Act. Her complaint alleges that Verizon violated FEPA provisions prohibiting Disparate Treatment (Count III); Failure to Accommodate (Count IV); and Retaliation (Count V).

FEPA defines the term disability in the following way:

> any physical or mental impairment which substantially limits one or more major life activities, has a record of an impairment, or is regarded as having an impairment by any person, employer, labor organization or employment agency subject to this chapter, and includes any disability which is provided protection under the Americans with Disabilities Act and federal regulations pertaining to the act; provided, that whether a person has a disability shall be determined without regard to the availability or use of mitigating measures, such as reasonable accommodations, prosthetic devices, medications or auxiliary aids.

R.I. Gen. Laws § 28-5-6(4) (internal citations omitted). Major life activities include "caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." R.I. Gen. Laws § 28-5-6(4)(ii).

*1. Disparate Treatment*

To prevail on a theory of disparate treatment, a plaintiff must demonstrate that:

> (1) she is a member of a protected class, (2) she was performing satisfactorily so as to meet the employer's legitimate job-performance expectations, (3) she suffered some adverse employment action at the hands of her employer, and (4) she was treated less favorably than someone outside her protected class.

Ashley v. Paramount Hotel Group, Inc., 451 F. Supp. 2d 319, 330 (D.R.I. 2006) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)) (applying the McDonnell Douglas framework for discrimination analyses). Here, Kelly has alleged that she was disabled as defined by FEPA and that she was able to perform the essential functions of her job with or without reasonable accommodation. However, Kelly has failed to set forth any facts to support the fourth element, i.e., that she was treated less favorably than someone outside her protected

5

class. As a result, Verizon's motion to dismiss as it pertains to Count III is granted.

## 2. Failure to Accommodate

In order to establish a claim of Failure to Accommodate under FEPA, a plaintiff must show: (1) that the employee has a disability within the meaning of the statute; (2) that the employee "was nevertheless able to perform the essential functions of his job with reasonable accommodation, and at no 'major cost' to his employer"; and (3) that the employer, "despite knowing of his alleged disability, did not reasonably accommodate it." Kriegel v. State of R.I., 266 F. Supp. 2d 288, 297 (D.R.I. 2003) (applying the federal analysis to claims under FEPA); see also Carroll v. Xerox Corp., 294 F.3d 231, 237-38 (1st Cir. 2002). A leave of absence may be a "reasonable accommodation[] in some circumstances . . . Whether the leave request is reasonable turns on the facts of the case." Criado v. IBM Corp., 145 F.3d 437, 443-44 (1st Cir. 1998) (analyzing "reasonable accommodations" under the Americans with Disabilities Act).[1]

Here, Kelly alleges that Verizon failed to accommodate her disability by retracting its permission for her medical leave. Taking the Plaintiff's allegations as true, the Court finds that the facts may support a finding that Verizon failed to reasonably accommodate Kelly's disabilities. As a result, the Defendant's motion to dismiss as it pertains to Count IV is denied.

## 3. Retaliation

To prevail on a claim of Retaliation under FEPA, a plaintiff must show: (1) that she engaged in protected conduct; (2) that she was discharged; and (3) that there is a causal connection between her protected conduct and the discharge. Russell v. Enterprise Rent-A-Car

---

[1] This Court considers case law construing the Americans with Disabilities Act ("ADA") in its analysis of analogous claims under FEPA. See Kriegel v. State of R.I., 266 F. Supp. 2d 288, 296 (D.R.I. 2003).

Co. Of R.I., 160 F. Supp. 2d 239, 264 (D.R.I. 2001). In this case, the Plaintiff has failed to allege a causal nexus between her protected conduct (exercising her rights under FEPA) and the termination of her employment. Without such an allegation, Verizon's motion to dismiss as it pertains to Count V must be granted.

*C. RICRA Claims (Counts VI, VII, and VIII)*

The Plaintiff has agreed to voluntarily dismiss the claims based on RICRA (Counts VI - VIII). Accordingly, these claims are dismissed.

*D. Promissory Estoppel Claim (Count IX)*

Kelly brings one claim against Verizon under a promissory estoppel theory. In Rhode Island, the elements of a promissory estoppel claim are: "1) A clear and unambiguous promise; 2) Reasonable and justifiable reliance on the promise; and 3) Detriment to the promisee, caused by his or her reliance on the promise." Norton v. Hoyt, 278 F. Supp. 2d 214, 223 (D.R.I. 2003), *aff'd*, Norton v. McOsker, 407 F.3d 501 (1st Cir. 2005)) (quoting Filippi v. Filippi, 818 A.2d 608, 625-26 (R.I. 2003)).

In her complaint, Kelly has alleged that she requested a medical leave due to anxiety and depression in April of 2006; that Verizon gave her permission to be out of work and allowed her to commence her medical leave on April 28, 2006; and that Verizon "did not indicate that there was any problem with Plaintiff taking a medical leave or exercising her rights under relevant medical leave laws." (Complaint at 9-11, 43 (Docket # 1, Exhibit A).) Taking the Plaintiff's allegations as true, the Court finds that her factual averments may support a finding that Verizon's conduct constituted a promise, that Kelly relied upon this promise, and that she

suffered a detriment as a result. Therefore, Verizon's motion as it relates to Count IX is denied.

### IV. Conclusion

For the reasons set forth herein, Defendant Verizon Services Corporation's motion to dismiss is GRANTED in part and DENIED in part.

SO ORDERED.

_____
Mary M. Lisi
Chief United States District Judge
October 8, 2008